·JOHN M. GRANT et ux. *v.* T. J. SPANN.

1. EXECUTOR AND ADMINISTRATOR : DISTRIBUTION : WHEN IT MAY BE COMPELLED. —As a general rule a distributee may compel the administrator to make distribution at any time after the lapse of twelve months from the date of his letters ; but the rights of the distributee are subordinate to those of creditors, and if the estate be mortgaged and it be necessary to retain it, in order to pay the debt, distribution will not be ordered until such necessity ceases to exist.

2. WIDOW : MAY COMPEL DISTRIBUTION LIKE A DISTRIBUTEE.—The widow's right to compel distribution of her husband's estate, is in all respects like that of the other distributees, and in enforcing it, she is entitled to the same privileges and subject to the same restrictions as they are.

APPEAL from the Court of Probates of Noxubee county. Hon. Reuben Ruff, judge.

*George L. Potter*, for Spann.

*Beauchamp & Wells*, contra.

FISHER, J., delivered the opinion of the court.

The appellants filed their petition in the Probate Court of Noxubee county, alleging that the petitioner, Anna J. Grant, is entitled, as the widow of one Lewis Brewer, to a distributive share of one-third of the estate of the said deceased; that although he made provision by his will, which had been duly probated in said court, for the petitioner, she had, notwithstanding, within the prescribed time, renounced the same, and had elected to take under the law; that the executor named in the said will had duly qualified under the same; and, that more than one year had elapsed since the grant of his letters testamentary.

The petition concludes by offering to execute the proper refunding bond with security, as required by the statute.

It appears by the answer that the larger portion of the estate is encumbered by a mortgage, executed by the testator to secure a large debt, payable by instalments; the last of which does not fall due until 1861. It further appears, that the estate is worth about $38,000, and that it owes about $27,000 of debts, falling due by instalments, as stated. The answer further sets up, as a defence, that under the terms of the will, the executor was required to keep the property together, and manage it to the best advantage, and to pay the debts from the income; that to accomplish this object, it will be necessary for the executor to keep the entire estate, as well that not embraced as that embraced in the mortgage, under his control and management; that if the property can be thus managed, the debts can be paid without a sale of the property; and, finally, that the widow is not entitled to her share of the estate until the debts shall have been paid.

The court below, upon this state of case, decreed in favor of the petitioners, as to their share of the estate not incumbered by the mortgage; but refused to make any decree as to such property, reserving, of course, the distribution thereof, till the satisfaction of the mortgage. The executor being dissatisfied with so much of the decree as is in favor of the petitioners, has prosecuted his appeal

to this court; and the petitioners, on their part, being dissatisfied with that part of the decree which is against them, have prosecuted their writ of error.

We will first notice the objection made by the petitioners to the decree of the court below. It is said that it is the right of the distributee to compel the executor or administrator to made distribution at any time after the lapse of one year from the date of the letters testamentary or of administration. As a general rule, this position may be admitted to be correct, but like all general rules, it must of necessity be subject to certain exceptions.

An estate may be involved in litigation which cannot be determined within the year, and the executor or administrator may not have the property under his control so as to make distribution. Again, he is bound by the law to protect the rights of creditors to some extent, by holding the property or administering it for their benefit, and where it is manifest from the showing made, that the property embraced in a mortgage is not more than sufficient to pay the debts therein secured, it would be both unjust to the creditors, and a useless act performed for distributees, to decree a distribution of such property, unless the distributee could produce an acquittance from creditors to the extent of his interest in the property. The party entitled to distribution, may apply for the same after one year; but the question is, what is it that entitles him to file his petition for this purpose before the estate is finally administered? The answer is, that there is an estate belonging to him in the hands of the executor or administrator, which is not required for the payment of debts. Debts not existing, no trust exists in favor of creditors, and the executor or administrator holding the property as the trustee of the distributee, can be required to execute the trust by making the distribution.

The burden of proof, after the expiration of the year, of showing both the existence of debts, and the necessity for retaining the property in the hands of the administrator, rests upon him, but when the proof is made, the case must then be decided, like any other case depending upon the weight of evidence.

We are, therefore, of opinion, that the court committed no error in refusing to make distribution of the property embraced in the mortgage, and this disposes of the case so far as it can be noticed on behalf of the petitioners.

In regard to the question urged on behalf of the executor, that the widow cannot claim as a distributee, and that she cannot proceed in the court to have her share of the estate decreed to her, until a final settlement by the executor, but little is required to be said. Whether the widow is entitled to the same rights and remedies of a distributee or not, it is certain that she does not occupy a more unfavorable attitude to the estate. She may proceed almost immediately after the death of her husband, to have her dower in the realty allotted to her ; and the statute declares that the same commissioners allotting the dower in the lands, shall at the same time set apart her share of the personal estate. If the widow does not stand upon the same footing as a distributee, it is certain that this statute, so far from placing her in a worse position, places her as to her share of the personal estate in the same situation she is as to her dower in the land. But we are of opinion, that the widow, with certain exceptions as to her property which she may claim at any time, must be treated in all respects as a distributee. This is a safe and certain mode of proceeding, and convenient in practice. As to property to which she is entitled under any circumstances, she may proceed to have it decreed to her at any time. But when she claims such interest as a distributee can only claim, she takes in that character ; she is the party to whom the executor or administrator must deliver a portion of the estate.

Decree affirmed.